UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

2007 OCT 11  PM 3: 12

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.- MIAMI

(Dade County Circuit Court Case No. 07-25521-CA-04)

MIGUEL ANGEL SANCHEZ OSORIO; JUAN
EVENOR TERCERO PRADO; VICTORINO
RODRIGUEZ; FELIX PEDRO HERNANDEZ
ESTRADA; LUCIO HERNANDEZ LAINEZ;
MARIANO DE JESUS MALTA NAVARRO;
APOLONIO MARIANO MEJIA; AMBROSIO
ARISTIDES ZAVALA; ISABEL DE
ANGELES ESPINOZA ARAICA;
NATIVIDAD GOMEZ; OSEAR DOMINGO
HERNANDEZ QUINTANILLA; ISABEL
ROBERTO PAZ CACERES; MAXIMO
FERNANDO CACERES BLANDON;
WILFREDO ANTONIO LOPEZ PLATA;
DENIS PLUTARCO LAGOS UREY; MARCIO
ANTONIO CACERES PAREDES;
FRANCISCO VALERIANO MAIRENA;
JESUS ALBERTO CHAVEZ; JOSE NICOLAS
PAZ MUNGUIA; RENE ERNESTO RUIZ
MARTINEZ; BENANCIO MARADIAGA
MARTINEZ; JOSE DOMINGO TORRES
REYES; FRANCISCO JOSE ROJAS PEREZ;
ROGELIO ALFONSO BAUTISTA MAIRENA;
HILARIO MANUEL ALVAREZ
MEMBRENO; JOSE JOAQUTN FLORES
VELASQUEZ; PEDRO MANUEL SILVA
CASTILLO; JUAN ERNESTO HERNANDEZ;
ELIGIO SECUNDIDO VARELA; OSEAR
ANTONIO CENTENO MEZA; SOHO
MARIANO MUNGUIA JUAREZ; BERARDO
MARCELO GARCIA; LUIS ENRIQUE
CORTES; PABLO ALBERTO GARCIA
MUNGUIA; REYMUNDO BELARMINO
VALDIVIA VARGAS; JOSE VICENTE
ESTRADA; LUIS ALBERTO HERNANDEZ;
ASCENSION JOSE RAMIREZ GONZALEZ;
TOMAS DOMINGUEZ JIRON; INDALECIO

CASE NO:

**07-22693
CIV-HUCK**
MAGISTRATE JUDGE
SIMONTON

BAQUEDANO PINDEA; JOSE ALBERTO
GARAY VIDEA; PAULINO FALCONERI
MARADIAGA HENRIQUEZ; ISIDRO URIEL
ROJAS LOPEZ; JOSE BENITO ESPINALES
HERNANDEZ; HILARIO DE JESUS
HURTADO; FELIX PEDRO MEDINA;
ERASMO VALDIVIA MORALES; ALCIDES
OMAR CALDERON HURTADO; GERARDO
ANTONIO BARREA MENDOZA; JERMAN
FRANCISO TERCERO REYES; ELOY
FERNANDO SIERRA ALVARADO; RAUL
DAVID DIAZ MARENCO; SANTOS
HILARIO FERNANDEZ ANDRADES;
RAMON DE JESUS PICADO; RUFINO
ALEJANDRO ANDINO PACHECO; ELIGIO
ALBERTO HERNANDEZ ROMERO; JOSE
ELEUTERIO GODOY OIJVAS; RENE
PICADO PEREZ; PEDRO EMILIO JIRON;
JOSE DANIEL MUNGUIA; MARIANO
ESTEBAN ZELEDON; HORACIO PEREZ
GUNERA; FELICITO ISAISA ROQUES
GUTIERREZ; SANTIAGO QUESADA
REYES; JUAN DE JESUS MONES GOMEZ;
MIGUEL ANTONIO BONILLA RIVERA;
JUAN FRANCISCO BUSTOS; SALVADO
ESTEBAN; CALIXTO JOSE CARMONA;
FAUTINO ADAN NARVAEZ MONTES;
JOSE ELISEO MATAMOROS MARTINEZ;
RAMON ARISTEDES GUEVARA; PABLO
SECUNDINO SEVDLLA MONTOYA;
RODOLFO ARTURO LIRA BETANCO;
LUCAS RONAL SALGADO ROMERO;
GERARDO ANDES TORUNO BATRES;
MIGUEL BONIFACIO CASTILLO; LUIS
ALBERTO BARRERA SANDOVAL;
VICENTE GERMAN CABALLERO
QUEVARA; MARTIN ADOLFO TONINO
MEMBRENO; ANTONIO SANCHEZ
BARRERA; HERMONGENES MARCIAL
DIAZ; MARTIN GUADALUPE
HERNANDEZ; JOSE DE JESUS BERRIOS
AGUJXERA; FERNANDO EMILIO GUIDO;
BARTOLODE JESUS VEGA ROJAS; JOSE
MANUEL RIVERA JARQUIN; JOSE
ANTONIO HERNANDEZ CALERO; RUFINO
CARRASCO PONCE; ADAL ALBERTO

ESTRADA; MANUEL DE JESUS
CARRASCO PONCE; CRISTOBAL RAMON
RIVERA DAVILA; SIMEON SANCHEZ
CRUZ; JOSE GREGORIO,

       Plaintiffs,

vs.

DOLE FOOD COMPANY, INC., a Delaware
corporation; THE DOW CHEMICAL COMPANY,
a Delaware corporation; OCCIDENTAL CHEMICAL
CORPORATION, a New York corporation; SHELL
OIL COMPANY, a Delaware Corporation,

       Defendants.

_____/

## DEFENDANT SHELL OIL COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453,

Defendant Shell Oil Company hereby removes to this Court the state court action described

below:

1.     On August 13, 2007, an action entitled Miguel Angel Sanchez Osorio, *et al.* v.

Dole Food Company, Inc., *et al.*, was commenced in the Circuit Court of the Eleventh Judicial

Circuit in and for Miami-Dade County, Florida ("the State Court"), as case number 07-25521-

CA-04 ("the State Court Action"). True and correct copies of the documents filed in the State

Court Action—including the Notice of Recording, the Complaint, and exhibits attached

thereto—are collectively attached hereto as Exhibit 1. *See* 28 U.S.C. § 1446(a).

2.     Plaintiffs seek recognition and enforcement of a Nicaraguan judgment pursuant to

Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act ("Foreign

Judgment Recognition Act"), FLA. STAT § 55.601 *et seq*.

3.     The State Court Action is removable under 28 U.S.C. § 1441, which generally authorizes removal of actions over which the district courts of the United States would have original jurisdiction.

## Diversity Jurisdiction – Section 1332(a)

4.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of the interest and costs," and is between "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2); *see Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1279 (11th Cir. 2003) (noting that 28 U.S.C. § 1332(a)(2) "d[oes] not mandate that all the American defendants be citizens of the same state").

5.     The State Court Action qualifies as a civil action.  *See Society of Lloyd's v. Sumerel*, 2007 WL 2114381, at *3 (M.D. Fla. July 20, 2007) (holding that action brought under Florida's Foreign Judgment Recognition Act is a civil action subject to federal court's diversity jurisdiction).

6.     The amount in controversy, as claimed by each plaintiff, is in excess of $75,000. Plaintiffs seek to enforce a foreign judgment in the amount of $97,398,060.00,  (Affidavit of Ramon A. Rasco, Aug. 8, 2007 ("Rasco Affidavit"), ¶ 3 (included in Exhibit 1)), and the judgment specifies the damages awarded to each, the minimum of which is $188,500 (Judgment at 95-108 (included in Exhibit 1)).

7.     Shell Oil Company is informed and believes, and thereon alleges, that the named Plaintiffs are residents of the Republic of Nicaragua.  (Compl. ¶ 1.)

8.     Each of the Defendants is a resident of the United States.

(a)      Defendant Dole Food Company, Inc. is a Delaware corporation with its principal place of business in California.

(b)      Defendant The Dow Chemical Company is a Delaware corporation with its principal place of business in Michigan.

(c)      Defendant Occidental Chemical Corporation is a New York corporation with its principal place of business in Texas.

(d)      Defendant Shell Oil Company is a Delaware corporation with its principal place of business in Texas.

9.      Removal is not precluded by 28 U.S.C. § 1441(b), which, as applied to Section 1332(a), provides that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

### Diversity Jurisdiction – Section 1332(d) – Class Action Fairness Act

10.      In addition to qualifying for removal under 28 U.S.C. § 1332(a), the State Court Action also qualifies for removal under 28 U.S.C. § 1332(d) pursuant to the Class Action Fairness Act of 2005 ("CAFA").[1] *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

11.      The State Court Action is a mass action, which is defined as "any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a) [of section 1332]." 28 U.S.C. § 1332(d)(2)(11)(B).

---

[1] Pub. L. No. 109-2, 119 Stat 4, *codified as amended* at various sections of Title 28 of the United States Code. *See e.g.*, 28 U.S.C. §§ 1332, 1446, 1453, 1447, 1711.

12.     The State Court Action is a civil action, (*see supra* ¶ 5), and it does not fall within the scope of 28 U.S.C. § 1711(2) because it was not filed under a State statute or rule of judicial procedure that authorizes an action to be brought as a class action.

13.     There are 150 plaintiffs (Rasco Affidavit ¶ 6 and Exhibit A thereto), all of whom seek monetary relief (*see supra* ¶ 6).

14.     Plaintiffs allege that their claims involve common questions of fact.  They allege to have suffered injury as a result of exposure to "dibromochloropropane 'DBCP' and other chemical contaminants . . . sold under the trade names 'Nemagon' and 'Fumazone' . . . during the years 1970 to 1972 in various banana plantations throughout the Chinandega area of Nicaragua." (Compl. ¶ 9.)  Plaintiffs also allege that their claims involve common questions of law.  They seek to enforce the same Nicaraguan judgment under Florida's Foreign Judgment Recognition Act.  (*See supra* ¶ 2.)  The judgment is based on Plaintiffs' lawsuits, which were tried together in Nicaragua and filed under a Nicaraguan law known as Law No. 364.  (Compl. ¶¶ 10-17.)

15.     The Court has jurisdiction over all of the Plaintiffs because each of their claims satisfies the jurisdictional amount requirements of 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1332(d)(11)(B)(i).  (*See also supra* ¶ 6.)

16.     For purposes of removability, "[a] mass action shall be deemed to be a class action removable under paragraphs (2) through (10) [of § 1332(d)] if it otherwise meets the provisions of those paragraphs."  28 U.S.C. § 1332(d)(2)(11)(A).

17.     The State Court Action meets the provisions of 28 U.S.C. § 1332(d)(2)-(10):

(a)     Section 1332(d)(2) requires that (1) "the matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs"; and (2)

that "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State." This case fulfills these requirements. (*See supra* ¶¶ 6-8.)

(b)     None of the exceptions to CAFA removal jurisdiction listed in subsections 1332(d)(3)-(10) apply to the State Court Action.

(c)     The exceptions for cases involving plaintiffs consisting largely of in-state residents under subsections 1332(d)(3) and (4) do not apply because, based on information and belief, none of the Plaintiffs is a citizen of Florida, the state in which the State Court Action was filed. (*See supra* ¶ 7.)

(d)     CAFA's exception for cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief," 28 U.S.C. § 1332(d)(5)(A), does not apply because all Defendants are non-governmental entities.

(e)     The subject matter exceptions to CAFA removal are inapplicable because the State Court Action attempts to enforce a foreign judgment, and it does not relate to any security or corporate governance issues as specified in 28 U.S.C. § 1332(d)(9). (*See supra* ¶ 2.)

\*       \*       \*       \*       \*

18.     For the reasons set forth above, removal of the State Court Action to this Court is proper under both diversity jurisdiction and CAFA.

19.     Removal pursuant to 28 U.S.C. § 1441 is timely because the provision permits removal within thirty days after service on the defendants of the initial pleading. *See* 28 U.S.C. §§ 1446(b), 1453(b). Service was effectuated on each of the Defendants on September 12, 2007, when the State Court sent a copy of the Notice of Recording of Out of Country Foreign Money

Judgment—attaching thereto the Rasco Affidavit, the Judgment, and a purported English translation of the Judgment—via registered mail to each of the Defendants. (*See* Exhibit 2, Court Docket for the State Court Action as of October 10, 2007.)

20.     Counsel for each Defendant has been contacted and has consented to this case being removed to federal court. Written consents from all Defendants are attached as Exhibit 3.

21.     A copy of this Notice of Removal is being filed with the Clerk of the State Court and is being served on all counsel of record. *See* 28 U.S.C. § 1446(a) & (d). The State Court is located within this District, and venue is proper in the Miami Division of this Court. 28 U.S.C. § 1441(a).

22.     The undersigned attorneys are authorized by Shell Oil Company to file this Notice of Removal, are licensed in the State of Florida, and are members of the Bar of this Court.

Respectfully submitted,

SHELL OIL COMPANY

By their attorneys,

**ADORNO & YOSS LLP**

By

Neil P. Linden
Florida Bar Number: 174589
Julie Feigeles
Florida Bar Number: 353604
Natalie J. Carlos
Florida Bar Number: 0146269
2525 Ponce de Leon Blvd., Suite 400
Miami, FL 33134
(305) 460-1000
NPL@adorno.com
JF@adorno.com
NJC@adorno.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. MAIL this 11th day of October, 2007 to all counsel listed on the attached Service List.

<u>**SERVICE LIST**</u>

<u>**PLAINTIFFS:**</u>

**Podhurst Orseck, P.A.**
Steven C. Marks (FBN 516414)
smarks@podhurst.com
Ramon A. Rasco (FBN 0617334)
rrasco@podhurst.com
25 West Flagler Street
Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Facsimile:  (305) 358-2382

Provost Umphrey, LLP
490 Park Street
P. O. Box 4905
Beaumont, TX 77019

Benton Musslewhite, PA
1705 West Gray, Suite A
Houston, TX 77019

<u>**DEFENDANTS:**</u>

<u>***Dole Food Company, Inc.***</u>
**Hunton & Williams LLP**
Marty Steinberg (FBN 187293)
msteinberg@hunton.com
Christopher N. Johnson (FBN 0069329)
cjohnson@hunton.com
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile:  (305) 810-2460

**Jones Day**
Yolanda Orozco, Esq.
yorozco@JonesDay.com
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile:  (213) 243-2539

<u>**DEFENDANTS:**</u>

<u>***The Dow Chemical Company***</u>
**Law Offices of Ronald Weil, P.A.**
Ronald P. Weil (FBN 169966)
rpw@weillaw.net
Alexandra Motta Oppmann (FBN 17412)
alex@weillaw.net
200 South Biscayne Boulevard
Wachovia Financial Center - Suite 900
Miami, Florida 33131
Telephone: (305) 372-5352
Facsimile:  (305) 372-5355

**Kirkland & Ellis LLP**
James T. McLaughlin, Jr.
jmclaughlin@kirkland.com
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 469-7043
Facsimile:  (312) 665-9035

<u>***Occidental Chemical Corporation***</u>
**Holland & Knight**
James D. Wing (FBN 195537)
James.wing@hklaw.com
Barbara M. Arco (FBN 0159182)
barbara.arco@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, Florida 33130
Telephone: (305) 374-8500
Facsimile:  (305) 789-7799

**Vinson & Elkins LLP**
Guy Lipe, Esq.
GLipe@velaw.com
First City Tower
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Telephone: (713) 758-2007
Facsimile: (713) 615-5004

<u>***Shell Oil Company***</u>
**WilmerHale**
Eric R. Columbus
eric.columbus@wilmerhale.com
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6857
Facsimile: (202) 663-6363

Form 1.997
## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

### I. CASE STYLE

In the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida

Plaintiff   Miguel Angel Sanchez Osorio, et. al.

vs.

Case #

Judge   07-25521 CA 04

Defendant   DOLE FOOD COMPANY, INC., a Delaware corporation; THE DOW CHEMICAL COMPANY, a Delaware corporation; OCCIDENTAL CHEMICAL CORPORATION, a New York corporation; SHELL OIL COMPANY, a Delaware corporation

### II. TYPE OF CASE   (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| Simplified Dissolution | Professional Malpractice | Contracts |
| Dissolution | Products liability | Condominium |
| Support - IV-D | Auto negligence | Real property/Mortgage foreclosure |
| Support - Non IV-D | Other negligence | Eminent domain |
| URESA-IV-D | X Recognition of Foreign Judgment | Other |
| URESA-Non IV-D | | |
| Domestic violence | | |
| Other domestic relations | | |

### III. Is Jury Trial Demanded in Complaint?

☐ Yes

☒ No

Date   August 8, 2007.

SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

MIGUEL ANGEL SANCHEZ OSORIO;
JUAN EVENOR TERCERO PRADO;
VICTORINO RODRIGUEZ; FELIX
PEDRO HERNANDEZ ESTRADA;
LUCIO HERNANDEZ LAINEZ;
MARIANO DE JESUS MALTA
NAVARRO; APOLONIO MARIANO
MEJIA; AMBROSIO ARISTIDES
ZAVALA; ISABEL DE ANGELES
ESPINOZA ARAICA; NATIVIDAD
GOMEZ; OSEAR DOMINGO
HERNANDEZ QUINTANILLA; ISABEL
ROBERTO PAZ CACERES; MAXIMO
FERNANDO CACERES BLANDON;
WILFREDO ANTONIO LOPEZ PLATA;
DENIS PLUTARCO LAGOS UREY;
MARCIO ANTONIO CACERES PAREDES;
FRANCISCO VALERIANO MAIRENA;
JESUS ALBERTO CHAVEZ; JOSE
NICOLAS PAZ MUNGUIA; RENE
ERNESTO RUIZ MARTINEZ; BENANCIO
MARADIAGA MARTINEZ; JOSE
DOMINGO TORRES REYES; FRANCISCO
JOSE ROJAS PEREZ; ROGELIO ALFONSO
BAUTISTA MAIRENA; HILARIO MANUEL
ALVAREZ MEMBRENO; JOSE JOAQUIN
FLORES VELASQUEZ; PEDRO MANUEL
SILVA CASTILLO; JUAN ERNESTO
HERNANDEZ; ELIGIO SECUNDIDO
VARELA; OSEAR ANTONIO CENTENO
MEZA; SOFIO MARIANO MUNGUIA
JUAREZ; BERARDO MARCELO GARCIA;
LUIS ENRIQUE CORTES; PABLO ALBERTO
GARCIA MUNGUIA; REYMUNDO BELARMINO
VALDIVIA VARGAS; JOSE VICENTE ESTRADA;
LUIS ALBERTO HERNANDEZ; ASCENSION
JOSE RAMIREZ GONZALEZ; TOMAS

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

DOMINGUEZ JIRON; INDALECIO
BAQUEDANO PINDEA; JOSE ALBERTO
GARAY VIDEA; PAULINO FALCONERI
MARADIAGA HENRIQUEZ; ISIDRO URIEL
ROJAS LOPEZ; JOSE BENITO ESPINALES
HERNANDEZ; HILARIO DE JESUS HURTADO;
FELIX PEDRO MEDINA; ERASMO VALDIVIA
MORALES; ALCIDES OMAR CALDERON
HURTADO; GERARDO ANTONIO BARREA
MENDOZA; JERMAN FRANCISO TERCERO
REYES; ELOY FERNANDO SIERRA ALVARADO;
RAUL DAVID DIAZ MARENCO; SANTOS
HILARIO FERNANDEZ ANDRADES; RAMON
DE JESUS PICADO; RUFINO ALEJANDRO
ANDINO PACHECO; ELIGIO ALBERTO
HERNANDEZ ROMERO; JOSE ELEUTERIO
GODOY OLIVAS; RENE PICADO PEREZ;
PEDRO EMILIO JIRON; JOSE DANIEL MUNGUIA;
MARIANO ESTEBAN ZELEDON; HORACIO
PEREZ GUNERA; FELICITO ISAISA ROQUES
GUTIERREZ; SANTIAGO QUESADA REYES;
JUAN DE JESUS MONES GOMEZ; MIGUEL
ANTONIO BONILLA RIVERA; JUAN FRANCISCO
BUSTOS; SALVADO ESTEBAN; CALIXTO JOSE
CARMONA; FAUTINO ADAN NARVAEZ MONTES;
JOSE ELISEO MATAMOROS MARTINEZ;
RAMON ARISTIDES GUEVARA; PABLO
SECUNDINO SEVILLA MONTOYA; RODOLFO
ARTURO LIRA BETANCO; LUCAS RONAL
SALGADO ROMERO; GERARDO ANDES
TORUNO BATRES; MIGUEL BONIFACIO
CASTILLO; LUIS ALBERTO BARRERA
SANDOVAL; VICENTE GERMAN CABALLERO
QUEVARA; MARTIN ADOLFO TONINO
MEMBRENO; ANTONIO SANCHEZ BARRERA;
HERMONGENES MARCIAL DIAZ; MARTIN
GUADALUPE HERNANDEZ; JOSE DE JESUS
BERRIOS AGUILERA; FERNANDO EMILIO
GUIDO; BARTOLO DE JESUS VEGA ROJAS;
JOSE MANUEL RIVERA JARQUIN; JOSE
ANTONIO HERNANDEZ CALERO; RUFINO
CARRASCO PONCE; ADAL ALBERTO ESTRADA;
MANUEL DE JESUS CARRASCO PONCE;
CRISTOBAL RAMON RIVERA DAVILA;
SIMEON SANCHEZ CRUZ; JOSE GREGORIO

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, Fl. 33130, Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

RIVERA; JUAN RAMON RUIZ TORRES;
JUAN BAUTISTA MONTOYA PALMA;
MANUEL DE JESUS URBINA SOTO;
JUAN ALBERTO MUNGUIA MARTINEZ;
JUAN DE JESUS PAVON; PORFIRIO DE
JESUS MEDINA; GERARDO BETANCOURT
CARCAMO; SILVIO FLETES MENDOZA;
MARCELINO DE LA CRUZ MEMBRENO;
JOSE FRANCISCO CRUZ MONTOYA;
SATURNINO EPIFANO BETANCO SORIANO;
BRAULIO CASTILLO OBANDO; VINCENTE
JOSE DIAZ; JOSE HUMBERTO RAMOS;
MARCOS FRANCISCO MENDEZ CABALLERO;
VICTORIANO MENDEZ RIVAS; ANTONIO
MORALES MARTINEZ; CARLOS ALBERTO
NEY GUTIERREZ; FACUNDO MAURICIO
TORREZ; JUAN DE LA CRUZ BENAVIDES
LOPEZ; ORLANDO JOSE NAVARRETE GOMES;
VICTOR WILVER PICADO; JOSE ANDRES
CANO VANEGAS; NARSISO VARGAS SEVILLA;
SANTOS ANIBAL PICADO VARGAS;
JUAN JOSE GUEVARA MARTINEZ;
LUIS ALBERTO VELTRAN PERALTA;
ISIDRO ELIAS PINEDA GARCIA; MIGUEL DE
LOS SANTOS ARBIZU CASTILLO; ARMANDO
LOPEZ OLIVARES; BENITO FILEMON SOTO;
ESTEBAN RAMON ROMERO; ALFONSO DE
JESUS GONZALEZ ALEMAN; JOSE MONTES
VINDEL; RAMON VALASQUEZ TRUJILLO;
MAXIMO ALVAREZ; GONZALO GONZALEZ;
GILLIVALDO SANCHEZ FLORES;
PATRICIO TEODORO PEREZ BALLADARES;
FRANCISCO BELTRAN NUNEZ; MARGARITO
CADENA GOMEZ; PLUTARCO OSORIO VETANCO;
GREGORIO FLORES; MATILDE PATRICIO NOVOA
MARTINEZ; CLETO MARCELINO SOTO DIAZ;
NICOLAS BARRIOS CARRION; JOSE DE LAS
CRUZ ESPINOZA MENDOZA; EULALIO EMILIO
ESPINALES CHAVARRIA; JOSE FRANCISCO
VARGAS; JOSE LORENZO MENDOZA HERNANDEZ;
MARVIN RUPERTO VARGAS RAYO; SEGUNDO
CARRASCO PONCE; JUAN MANUEL VARGAS;
JUAN ALONSO ROBLETO MARTINEZ;
ISIDRO RUIZ VARGAS; JULIAN MONTES,

Plaintiffs,

v.

DOLE FOOD COMPANY, INC., a Delaware
corporation; THE DOW CHEMICAL COMPANY,
a Delaware corporation; OCCIDENTAL CHEMICAL
CORPORATION, a New York corporation; SHELL
OIL COMPANY, a Delaware corporation,

Defendants.

_____/

07-2 5 5 2 1 CA 0 4



ORIGINAL
FILED
AUG 1 3 2007
HARVEY RUVIN
CLERK

## COMPLAINT FOR RECOGNITION OF
## FOREIGN COUNTRY MONEY JUDGMENT

Plaintiffs bring this action against the Defendants, DOLE FOOD COMPANY, INC., THE

DOW CHEMICAL COMPANY, OCCIDENTAL CHEMICAL CORPORATION, and SHELL OIL

COMPANY, and allege as follows:

### PARTIES

1.      Plaintiffs are residents of the Republic of Nicaragua who have obtained individual

judgments for monetary damages against Defendants for personal injuries sustained as a result of

Defendants' misconduct.

2.      Defendant, DOLE FOOD COMPANY, INC., f/k/a Standard Fruit Company, is a

Delaware corporation authorized to do business in the State of Florida, with its principal place of

business in Los Angeles County, California, which conducts business as a multi-national corporation

throughout the world.

3.      Defendant, THE DOW CHEMICAL COMPANY, is a Delaware corporation

authorized to do and doing business in the State of Florida, with its principal place of business in

Midland County, Michigan, which conducts business as a multi-national corporation throughout the

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

world.

4.      Defendant, OCCIDENTAL CHEMICAL CORPORATION, is a New York corporation authorized to do and doing business in the State of Florida, with its principal place of business in Dallas County, Texas, which conducts business as a multi-national corporation throughout the world.

5.      Defendant, SHELL OIL COMPANY, is a Delaware corporation authorized to do and doing business in the State of Florida, with its principal place of business in Harris County, Texas, which conducts business as a multi-national corporation throughout the world.

## GENERAL ALLEGATIONS

6.      In February 2, 2002, Plaintiffs, former banana workers in Chinandega, Nicaragua, filed a lawsuit in the Second Civil District Court for Chinandega, Nicaragua, asserting claims for personal injuries against several defendants, including Defendants herein.

7.      On August 8, 2005, the Hon. Socorro Toruno Martinez, Judge of the Second Civil District Court for Chinandega, Nicaragua, entered judgment for a total of **Ninety-Seven Million Three Hundred Ninety-Eight Thousand and Sixty Dollars** ($97,398,060.00) (Sentence: # 0271-2005) (the "Judgment") in favor of Plaintiffs herein against Defendants herein in Case (Petition) Number: 0214-0425-02 Cv February. A certified copy of the Judgment, as certified by the Supreme Court of Justice of the Republic of Nicaragua on August 24, 2005, is attached hereto as Exhibit A for purposes of filing with the Clerk of this Court for recordation in Miami-Dade County. A copy of the certified English translation of the Judgment is attached hereto as Exhibit B for the Court's ease of reference. Also attached as Exhibit C is an Affidavit pursuant to Fla. Stat. § 55.604(1) for purposes of filing with the Clerk of this Court and for recordation and notice.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

8.      Plaintiffs seek an order pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Fla. Stat. §§ 55.601, *et seq*. (the "Recognition Act"), recognizing and enforcing the Judgment in the manner and dollar-equivalent amounts set forth therein, with post-judgment interest, costs and fees as appropriate.

9.      Between March and June, 2004, each Defendant was served by Plaintiffs herein with a complaint for personal injury damages resulting from exposure to dibromochloropropane ("DBCP") and other chemical contaminants contained in pesticides commercialized and sold under the trade names "Nemagon" and "Fumazone," which were manufactured by Defendants, and/or released into the environment as a result of Defendant's banana plantation operations in Nicaragua. Specifically, Plaintiffs alleged that they suffered irreversible physical and psychological damages, including total or partial sterility, gastrointestinal edema, kidney problems, distress, sorrow and loss of consortium, as a result of prolonged exposure to DBCP during the years 1970 to 1982 in various banana plantations throughout the Chinandega area of Nicaragua.

10.     The lawsuits filed in Nicaragua were based upon Law No. 364, "Special Law to Prosecute Lawsuits Filed by People Affected by the Use of Pesticides Manufactured With DBCP" ("Law 364"), enacted into law by a unanimous vote of the Nicaraguan legislature, the National Assembly of the Republic of Nicaragua, on November 23, 2000. Articles 4 and 8 of Law 364 require defendants to post a monetary bond as a condition of answering the complaint to act as security for both court costs and payment for any judgment that might be entered.

11.     Nicaraguan law has a rule requiring defendants to be served twice – once for conciliation (or mediation) purposes and a second time to answer the claim. In July, 2003, Defendants herein were properly served with a summons for a conciliation procedure and the complaint. Because none of the Defendants appeared for the conciliation procedure, on December

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305 358 2800, Fax 305 358 2382 • Fort Lauderdale 954 463 4346          www.podhurst.com

19, 2003, the Judge issued a ruling ordering the Defendants to appear in court, to provide an address

in Nicaragua for purposes of service and to deposit the bond and additional monies required by Law

364.   Defendants were properly served with the December 19, 2003 ruling and the complaint

between March and June, 2004.  The specific dates for service upon each Defendant herein in the

United States are as follows:

a.   Defendant, DOLE FOOD COMPANY, INC., f/k/a Standard Fruit Company, was served on July 10, 2003 and again on June 18, 2004 with summons for the conciliation procedure and the complaint.  On June 18, 2004, Defendant, DOLE FOOD COMPANY, INC., f/k/a Standard Fruit Company, was served with the December 19, 2003 ruling and the complaint.

b.   Defendant, THE DOW CHEMICAL COMPANY, was served on July 2, 2003 with summons for the conciliation procedure and the complaint.  On April 2, 2004, Defendant, THE DOW CHEMICAL COMPANY, was served with the December 19, 2003 ruling and the complaint.

c.   Defendant, OCCIDENTAL CHEMICAL CORPORATION, was served on July 2, 2003 with summons for the conciliation procedure and the complaint. On  April  2,  2004,  Defendant,  OCCIDENTAL  CHEMICAL CORPORATION,  was served with the December 19, 2003 ruling and the complaint.

d.   Defendant, SHELL OIL COMPANY, was served on July 3, 2003 with summons for the conciliation procedure and the complaint.  On March 24, 2004, Defendant, SHELL OIL COMPANY, was served with the December 19, 2003 ruling and the complaint.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   www.podhurst.com

12.     On December 2, 2004, all Defendants having been served, the Judge issued a ruling liberating Defendants of the burden of posting the bond and granting them full and unlimited participation in the proceedings. As a result, Defendants all appeared in the proceeding.

13.     On May 9, 2005, Plaintiffs filed a brief requesting the appointment of a common counsel for the Defendants pursuant to Article 82 of the Nicaraguan Code of Civil Procedure, which request is appropriate when there are two or more defendants. On May 16, 2005, the court appointed such counsel for the Defendants and declared the probatory (or evidentiary) period to be open. Although this period is generally only 8 days long, because of the massive amount of evidence filed by both sides and the approximately 100 Plaintiffs interrogated by Defendants, the probatory period continued through July, 2005.

14.     Trials in Nicaragua entail an extraordinary amount of procedural and substantive due process. Plaintiffs gave live testimony proving their exposure to DBCP and their damages. Physicians testified in support of specific disease conditions, and medical records and test results from certified labs regarding sterility were provided with respect to each Plaintiff.

15.     Defendants attended every day of trial, fully cross-examined Plaintiffs' witnesses and filed a multitude of documents and exhibits during trial, including 151 birth certificates. Defendants filed many motions during trial, which were heard and ruled upon by the foreign court in a fair and expeditious manner. Defendants were permitted to depose 100 of the Plaintiffs during trial. Defendants also deposed Plaintiffs' psychologists and lab technicians. Furthermore, each of the Plaintiffs was tested for sterility by two government certified testing facilities prior to trial, as required by Law 364.

16.     Based on the foregoing, it is fully evident that Defendants were afforded ample due process (as such term is defined in the United States) by a fair and impartial, foreign court.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305 358 2800, Fax 305 358 2382 • Fort Lauderdale 954 463 4346          www.podhurst.com

17.     The Judgment was appealed in Nicaragua by Defendants immediately after it was served. The first closing arguments were filed in May 2006. Pursuant to Article 14 of Law 364, the appeals filed against the final judgment do not suspend the validity of the judgment, and, thus, it is enforceable and proceedings for collection of may move forward pending appeal.

**COUNT I**
**RECOGNITION OF JUDGMENT**
(Fla. Stat. §§ 55.601, *et seq.*)

18.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19.     As more particularly set forth in the Judgment, Plaintiffs each have judgments in their favor granting recovery of a sum of money.

20.     The Judgment is final, conclusive and enforceable where rendered.

21.     Defendants were personally served with the complaint that led to the Judgment, were on notice of the complaint, answered the complaint, defended against the allegations of the complaint, appeared for trial and attended every day of trial, fully cross-examined Plaintiffs' witnesses, interrogated 100 Plaintiffs, had their experts test Plaintiffs, filed massive documentary evidence and filed motions during trial, which were heard and ruled upon.

22.     The foreign court (i.e., the Second Civil District Court for Chinandega, Nicaragua) which issued the Judgment had personal jurisdiction over the Defendants. Specifically, Defendants engaged in and operated business within Nicaragua, and those business operations were the direct and proximate cause of Plaintiffs' injuries; Defendants placed goods into the stream of commerce with the knowledge and intent that those goods be purchased and used in Nicaragua; and/or Defendants had business offices in Nicaragua, and the proceedings in the foreign court involved a cause of action arising out of the business conducted by the Defendants through such offices.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130  Miami 305 358 2800  Fax 305 358 2382  •  Fort Lauderdale 954 463 4346  |  www.podhurst.com

Furthermore, Defendants appeared and actively litigated in the proceedings which resulted in the Judgment.

23.     The foreign court had subject matter jurisdiction over the Plaintiffs' cause of action. Specifically, the courts of Nicaragua have subject matter jurisdiction over personal injury claims of residents and citizens arising from common law and statutory liability, including, but not limited to, civil liability for companies manufacturing and utilizing certain types of pesticides.

24.     The tribunals of Nicaragua are impartial and provide procedures compatible with the requirements of due process of law.

25.     The Judgment does not conflict with any other final and conclusive judgment.

26.     The foreign court was not a seriously inconvenient forum.  In fact, Defendants appeared in the proceedings and – in a related action – previously successfully argued to a Federal District Court, in the Southern District of Texas, that the United States was an improper forum for Plaintiffs' litigation and that such litigation should proceed in Nicaragua.

WHEREFORE, in light of the foregoing, Plaintiffs respectfully request that this Court enter an order declaring the Judgment entitled to recognition under the Recognition Act, conclusive between Plaintiffs and Defendants, and entitled to enforcement in the State of Florida, as well as for post-judgment interest to the extent authorized by law, attorneys' fees and costs and such other relief as this Court deems just and proper.

DATED this 8th day of August, 2007

Podhurst Orseck, P.A.

25 West Flagler Street  Suite 800  Miami  FL 33130  Miami 305 358 2800  Fax 305 358 2382  •  Fort Lauderdale 954 463 4346          www.podhurst.com

Respectfully submitted,

PROVOST UMPHREY, LLP
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704

-and-

BENTON MUSSLEWHITE, P.A.
1705 West Gray, Suite A
Houston, Texas 77019

-and-

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida  33130
(305) 358-2800 / Fax (305) 358-2382


By: _____
    STEVEN C. MARKS
    Fla. Bar No. 516414
    RAMON A. RASCO
    Fla. Bar No. 0617334

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com