UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22693-CIV-HUCK/O'SULLIVAN

MIGUEL ANGEL SANCHEZ
OSORIO, et al.,

        Plaintiffs,

v.

DOLE FOOD COMPANY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the defendant, Dole Food Company,
Inc.'s Bill of Costs (DE# 372, 12/14/09).   This matter was referred to United States
Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States
District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b).
(DE# 373, 12/15/09)  Having reviewed the applicable filings and law, the undersigned
respectfully recommends that the aforementioned motion be GRANTED IN PART and
DENIED IN PART as more fully explained below.

## BACKGROUND

This action involved an attempt to domesticate a $97 million Nicaraguan
judgment rendered in favor of 150 Nicaraguan plaintiffs for alleged injuries purportedly
caused by exposure to a pesticide commonly known as DBCP, which was used on
banana farms during the 1970s, against four defendants: Dole Food Company, Inc.,
Dow Chemical Company, Occidental Chemical Corporation, and Shell Oil Company.
See Compl. ¶¶ 1-5 (DE# 6, Ex. 1; 10/12/07) Dole Food Company, Inc. is the only

defendant seeking reimbursement of its taxable costs in this action.  In some categories, the costs were shared among the various defendants.  Dole Food Company, Inc. seeks recovery of its share of the costs in each category, which may be the full amount, one-half, or one-fourth of the actual costs.  After the Honorable Judge Huck conducted a four-day evidentiary hearing at the plaintiffs' request, the Court ruled in favor of the defendants, finding that the judgment could not be recognized or enforced under Florida's Uniform Foreign Money-Judgments Recognition Act, Fla. Stat. §§ 55.601 *et seq.* for numerous, independent reasons.  See Order Denying Recognition of Judgment (DE# 352, 10/20/09).  Pursuant to the Final Judgment entered in favor of the defendants and against the plaintiffs (DE# 362, 11/12/09), the defendant, Dole Food Company, Inc., is a prevailing party. The undersigned has carefully considered the defendant's Bill of Costs (DE # 372, 12/14/09); the  response (DE# 375, 12/29/09); and the reply (DE# 378, 1/8/10).

## ANALYSIS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."   "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."   See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).   The defendant prevailed in the case at bar and, therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute.

2

See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

The defendant submitted a Bill of Costs in the total amount of $60,592.88 for costs pursuant to 28 U.S.C. § 1920.  (DE# 372,12/14/09)  In their response, the plaintiffs argue that the Court should deny the defendant's Bill of Costs in its entirety or reduce it substantially due to the "special circumstances of this case and of the type of case," the plaintiffs' financial inability to pay, and the defendant's "unclean hands." Response at 1-4.  (DE# 375, 12/29/09)

As a preliminary matter, the undersigned finds that there is no justification to reduce a cost award based solely on the plaintiffs' alleged inability to satisfy a judgment.  See Mathews v. Crosby, 480 F.3d 1265, 1276-77 (11th Cir. 2007) (affirming an award of costs despite a claim of indigence because the district court had no "'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs")(citing Chapman v. AI Transp., 229 F.3d 1012, 1023-24 (11th Cir. 2000)).  There is an insufficient showing of evidence for the undersigned to conclude that the plaintiffs cannot pay the award.  The undersigned finds that the plaintiffs have failed to identify all of their assets and liabilities.

Additionally, the plaintiffs challenge the adequacy of the evidentiary support for the costs claimed by the defendant as well as the costs for the pro hac vice filing fees, fees for transcripts for the evidentiary hearing, witness fees that exceed the federal per diem rates, witness transportation costs (except for one witness), ebriefs, in-house copy charges, outside vendor copy charges and charges for binders and tabs, compensation of interpreters in excess of the federal rates, and translation of documents.  In its reply, the defendant provides additional documentation in support of the costs claimed.  The

defendant seeks an award of costs in the total amount of <u>$60,592.88</u>.

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.   In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  <u>See</u> <u>EEOC v. W&O, Inc.</u>, 213 F. 3d 600, 620 (11th Cir.  2000).

Accordingly, the undersigned recommends the following costs be awarded:

1.      <u>Fees of the Clerk - *Pro Hac Vice* Filing Fees</u>

The defendant seeks reimbursement in the amount of $375 for *pro hac vice* filing fees for 5 attorneys (i.e. $75 each).  Sub-section 1920(1) allows for recovery of  "fees of the clerk and marshal."   The plaintiffs contend that the Court should disallow the fees for the *pro hac vice* filings on the ground that "Plaintiffs ought not to bear a cost

4

resulting from Defendants choosing an out of state attorney to defend themselves."
Response at 5.  The defendant argues that the *pro hac vice* filing fees should be
recovered because the plaintiffs "selected the forum and compelled defendant to
defend" themselves in Florida, where the "[p]laintiffs have no affiliation with any state in
particular but still chose to file this action in Florida despite the fact that no Defendant is
domiciled or has a principal place of business in [Florida]."  Reply at 5.

The plaintiffs cite the unpublished decision, Eagle Ins. Co. v. Johnson, 982 F.
Supp. 1456, 1459-60 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998), wherein the
Eleventh Circuit affirmed the denial of the cost of *pro hac vice* applications on the
ground that it was not a statutory fee.  Additionally, the plaintiffs rely on the district court
decision in Exhibit Icons, LLC v. XP Companies, LLC, 2009 WL 3877667 (S.D. Fla.
2009).  In Exhibit Icons, the court followed Johnson and other decisions in which the
courts found that "the *pro hac vice* fee is an expense of counsel, not the client, and is
thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk."  Id. at *1.
The Exhibit Icons court further explained that the plaintiff "ought not to bear a cost
resulting from the Defendants choosing an out of state attorney to defend themselves
when competent in-state attorneys were available."  Id.  While these decisions may be
considered persuasive authority, neither decision is binding on this Court.

The defendant argues that the *pro hac vice* filing fees in the amount of $375
should be awarded in this action because the plaintiffs chose the forum and no
defendant is domiciled or has its principal place of business in Florida.  The defendant
relies on Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir.

2009), which found that *pro hac vice* fees are recoverable as fees of the clerk under §

1920.  The Eighth Circuit acknowledged that "[n]either Rule 54 nor §1920 specifically

authorize *pro hac vice* fees to be taxed as costs, and [that] many courts have found that

such fees are not recoverable under §1920." Id. (citing Rakes v. Life Investors Ins. Co.

of Am., 2008 WL 4852932, at * 5 (N.D.  Iowa 2008) (parenthetical explanations

omitted)); Romero v. United States, 865 F. Supp. 585, 594 (E.D. Mo. 1994)).  However,

the Eighth Circuit agreed with other courts that have held that *pro hac vice* fees are

recoverable as fees of the clerk under §1920. Id. (citing Glastetter v. Sandoz Pharms.

Corp., 2000 WL 34017154, at *1 n.2 (E.D. Mo. 2000); Davis v. Puritan-Bennett Corp.,

923 F. Supp. 179, 181 (D. Kan. 1996) (parenthetical explanations omitted)).  In Davis,

the court awarded *pro hac vice* fees because the "Plaintiff selected the forum and

compelled [the] defendant to defend itself in this district."  Id.

The undersigned is persuaded by the reasoning in Johnson and Exhibit Icons

that *pro hac vice* fees are not recoverable under Section 1920.  The undersigned

recommends that the $375  for the *pro hac vice* filing fees be disallowed.

2.    Fees for Transcripts

The defendant should be awarded the costs requested regarding transcripts.

Sub-section 1920(2) provides that "a judge or clerk of any court of the United States

may tax as costs ... [f]ees for printed or electronically recorded transcripts necessarily

obtained for use in the case."  28 U.S.C. § 1920(2).  The defendant seeks

reimbursement in the amount of $2,429.68 for transcripts from the September 1

through 4, 2009 evidentiary hearing.

The plaintiffs concede in their response that the "costs of transcripts 'necessarily obtained for use in the case' are recoverable."  Response at 6.  The plaintiffs argue that the transcripts were not necessarily obtained for use in the case, but rather for the convenience of the defendant's counsel.  Id. at 6-7.  The plaintiffs contend that the transcripts were delivered on September 30, 2009, almost one month after the evidentiary hearing and after the date for submission by the parties of amended findings of fact and conclusions of law, which were submitted on September 14, 2009. The plaintiffs claim that the transcripts were merely ordered for the convenience of the defendant's counsel because they were not filed with the court and were not cited in any filings.

In its Reply, the defendant explains that although it did not receive the transcripts prior to filing its Amended Findings of Fact and Conclusions of Law, the transcripts were necessary to the defendant's ability to respond to the plaintiffs' Motion for a New Trial, Reconsideration and/or Rehearing.  The defendant argues that neither Section 1920 nor the cases cited by the plaintiffs mandate that a party must cite a transcript in a court filing to demonstrate that the transcript was "necessarily obtained for use in the case." The defendant maintains that it used the transcripts to respond to the plaintiffs' Motion for a New Trial, Reconsideration and/or Rehearing.  See Declaration of Megan S. Kundu Filed in Support of Dole's Reply in Support of Entry of Bill of Costs (DE # 379 at 1-2, 1/8/10).  Particularly, the defendant was able to confirm that the plaintiffs had never raised the issues contained in their motion for new trial during the evidentiary hearing.

The defendant further argues that "[b]ecause it was Plaintiffs, and not Dole, who chose to file a motion for reconsideration, Plaintiffs cannot now claim that the

transcripts that Dole used in preparing an opposition to that motion were not

necessary."  Reply at 6 (citing <u>Berner v. British Comm'n Pacific Airlines</u>, 362 F.2d 799,

801 (2nd Cir. 1966) (finding frivolous the contention that a transcript was not "necessary"

under Section 1920 when the defendant did not wait until it knew it needed the

transcript to order one, but rather ordered in advance a transcript "whether they could

anticipate they would later need").  The undersigned agrees and, therefore,

recommends that the defendant be awarded costs for transcripts in the requested

amount of $<u>2,429.68</u>.

3.    <u>Fees and Disbursements for Printing and Witnesses</u>

    A.    <u>Witness Fees</u>

    The defendant requests reimbursement in the amount of $<u>7,297.30</u> for the

attendance fees and subsistence costs associated with witnesses ($4,531.00) and the

transportation costs of those witnesses ($2,766.30).[1]  Sub-section 1920(3) states that

"[a] judge or clerk of any court of the United States may tax as costs ... [f]ees and

disbursements for printing and witnesses."  28 U.S.C. § 1920(3); <u>see</u> <u>Tiara</u>

<u>Condominium Ass'n, Inc. v. Marsh USA, Inc.</u>, __ F. Supp. 2d. __, 2010 WL 1049322, at

*20 (S.D. Fla. March 22, 2010) (explaining that "testifying witnesses are entitled to

recover costs of airfare by a 'common carrier at the most economical rate reasonably

available,' as well as a daily subsistence rate when overnight travel is required").  The

---

[1]The witness subsistence costs sought by the defendant are based on the per
diem rates as established by the United States Government Services Administration,
which are published at: http://www.gsa.gov.  The maximum per diem rate is $180 per
day.  The first and last days of travel are limited to seventy-five percent (75%) of the
meals & incidentals expense ("M&IE") rates, which vary according to location.

plaintiffs concede that the correct witness attendance fee under 18 U.S.C. §1821(b) is $40 per day, but challenge an award of subsistence costs without appropriate documentation of the actual costs incurred and the fact that the defendant claims the entire subsistence award rather than only a portion. Response at 8.

In Exhibit A to the Declaration of Megan S. Kundu Filed in Support of Dole's Reply (DE# 379-1, 1/8/10), the defendant provided revised cost estimates for the defendant's witness fees, which include comparisons between the statutory subsistence amount and the actual hotel and meal costs that the defendant incurred on behalf of its expert witnesses.  Reply at 7; Ex. A, Kundu Decl.  The defendant also attached documentation evidencing the actual amount of subsistence costs incurred for its expert witnesses during the evidentiary hearing.  Id.  A review of Exhibit A reveals that the defendant incurred half of the actual hotel and meal costs of the defendants' expert witnesses.  Notwithstanding, the defendant argues that it is entitled to an award of the full amount of the subsistence witness fees in the amount of $3,411.00 because its actual costs exceed the statutory amounts and no other defendant has filed a motion to tax costs or a bill of costs in this action.

Because the actual costs of the witnesses' meals and incidentals well exceed the statutory per diem rates, the undersigned finds that the daily maximum subsistence per diem rates apply.  However, the undersigned disagrees with the defendant's position that it should recover all of the witness attendance and subsistence fees because it is the only defendant that filed a motion to tax costs.  The court filings reveal that the defendant shared the expense of witnesses with a co-defendant.  The undersigned finds that the defendant is entitled to recover its one-half share of the statutory

9

subsistence per diem rate as well as the attendance fee for witnesses (i.e.

$4,531.00/2= $2,265.50).  The undersigned recommends that the defendant be

awarded $2,265.50 for the costs associated with witness attendance fees and

subsistence costs.

     B.    Witness Transportation Costs

The defendant seeks reimbursement for its share of transportation costs for five

expert witnesses in the amount of $2,766.30.  Pursuant to Section 1821, testifying

witnesses are entitled to recover costs of airfare by a "common carrier at the most

economical rate reasonably available."  28 U.S.C. § 1821(c)(1); see Marsh USA, Inc., __

F. Supp. 2d. __, 2010 WL 1049322, at *20.   The plaintiffs argue that the defendant is

not entitled to the witness transportation fees because the defendant's supporting

documentation does not prove that the costs it actually incurred are "at the most

economical rate reasonably available."  Response at 10.  In its Reply, the defendant

provided a chart of its witness transportation costs that includes the following

information:

| Witness | Air Travel (actual cost) | Air Travel (Dole's portion of actual cost) | Suggested Economy Fare | Dole's Portion Suggested Economy Fare | Ground Transportation (Dole's Portion Actual Cost) |
|---------|--------------------------|--------------------------------------------|------------------------|----------------------------------------|----------------------------------------------------|
| Soto Cuadra | 1,012.00 | 1,012.00 | 1,012.00 | 1,012.00 | 144.65 |
| Lipshultz | 1,032.70 | 516.35 | 926.00 | 463.00 | 271.65 |
| Arguello | | | | | 61.50 |
| Schwebel | 1,138.19 | 284.55 | 989.40 | 247.35 | 155.90 |

| | | | | | |
|---|---|---|---|---|---|
| Garcia-Bolivar | | | | | 320.00 |
| | | | | | |
| | 3,182.89 | 1,812.90 | 2,927.40 | 1,722.35 | 953.40 |

Reply (DE# 379-1; Ex. A; 1/8/10).  The defendant provided adequate documentation of its actual costs for each witness' travel expense, except for Mr. Garcia-Bolivar.[2]  The documentation reveals when the defendant shared the costs with other defendants and when the defendant paid the bills in full itself.[3]

In its Reply, the defendant provided documentation of the cost of an economy class plane ticket for each expert's air travel to Miami.  Reply at 22 (DE# 379-1; Ex. A; 1/8/10).  The economy class plane tickets are $926.00 for Mr. Lipshultz and $989.40 for Mr. Schwebel.  Mr. Soto Cuadra's actual ticket was a coach class ticket in the amount of $1,012.00.  The defendant is entitled to recover the full amount of the coach class ticket for Mr. Soto Cuadra ($1,012.00); one-half of the economy class plane ticket for Mr. Lipshultz ($926/2=$463.00), and one-quarter of the economy class plane ticket for Mr Schwebel ($989.40/4=$247.35).  Thus, the undersigned recommends that the defendant be awarded $1,722.35 for the cost of its share of the witnesses' airfare.

The defendant seeks $953.00 for the ground transportation of its witnesses.

---

[2]An invoice for the total amount of $320 is submitted for Mr. Garcia-Bolivar. Without any receipts for his actual ground transportation, the undersigned is unable to determine whether the amount is properly taxable.

[3]Exhibit A reveals that the defendant paid 1) the full amount of the air travel for Mr. Soto Cuadra; 2) one-half of the air travel for Mr. Lipshultz; and one-fourth of the air travel for Mr. Schwebel.  There were no air travel costs incurred for either Mr. Arguello or Mr. Garcia-Bolivar.  (DE# 379-1, Ex. A; 1/8/10)

| Witness | Ground Transportation (Dole's Portion Actual Cost) | Limousines / Sedans | Parking & Tolls | Taxi rate |
|---|---|---|---|---|
| Soto Cuadra | $144.65 | Miami Airport to hotel: $144.65 | Includes $11.25 | $31.00 |
| Lipshultz | $271.65 | $81.60 $84.00 $87.80 | Includes: $3.00 $11.25 | $93.00 |
| Arguello | (4 taxis) $123.00 | | | $123.00 |
| Schwebel | $155.90 | $140.90 (plus $60 round trip Dartmouth coach from NH to airport in Boston) | Includes $7.50 | $91.00 |
| Garcia-Bolivar | $320.00 (no receipts; invoice only) | | | |
| Total | $953.40 | | | $338.00 |

The plaintiffs argue that the defendant is not entitled to the costs incurred for limousines and sedans rather than taxi fares. The undersigned agrees that the defendant should be awarded the taxi rate for ground transportation, excluding parking or toll fees as such fees would be included in the taxi fare.  A review of the taxi receipts reveals that the fare ranges between $30.00 and $32.00 for transportation between the Miami International Airport and hotels and/or the courthouse.  The undersigned recommends that the applicable taxi rate should be $31.

The reduced ground transportation costs for the witnesses are: $31.00 for Mr. Soto; $93.00 for Mr. Lipschultz (ground transportation from headquarters in Houston to

the Houston airport and back on the return trip, one taxi in Miami); $91.00 for Mr.

Schwebel (round trip ground transportation from Lebanon, NH to Logan Airport, Boston,

MA, and taxi in Miami:  $60 + $31); $123.00 for Mr. Arguello; and $0 for Mr. Garcia-

Bolivar due to lack of adequate documentation. Sub-section 1821(c)(1) requires that

"[a] receipt or other evidence of actual cost shall be furnished."  28 U.S.C. § 1821(c)(1).

The defendant is entitled to $338.00 for the cost of ground transportation for witnesses.

 The undersigned finds that the defendant should be awarded the requested cost

associated with witness transportation in the amount of $2,060.35.

4. Fees for Exemplification and Costs of Making Copies

 The defendant requests reimbursement in the amount of $6,393.16 for the costs

associated with fees for copies.  Sub-section 1920(4) provides that "[a] judge or clerk of

any court of the United States may tax as costs ... [f]ees for exemplification and the

costs of making copies of any materials where the copies are necessarily obtained for

use in the case."  28 U.S.C. § 1920(4).  The claimed amount is comprised of $3,152.75

for the defendant's share of the costs of preparation of "ebriefs for summary judgment

motion and evidentiary hearing;" $801.50 for in-house copy charges; and $2,438.91 for

outside vendor copy charges for preparation of hearing exhibits.  The plaintiffs object to

all costs in this category.

 A. Ebriefs

 The plaintiffs challenge the cost of ebriefs on the ground that there is no

statutory authority for the recovery of ebriefs and hyperlinked cd copies of pleadings,

which are neither exemplifications nor copies of paper as required by Sub-section

1920(4).  28 U.S.C. § 1920(4).  The plaintiffs further argue that the ebriefs were

13

prepared without the Court's request or the plaintiffs' consent.  The defendant

distinguishes the case cited by the plaintiff, but admits that it has not been able to

identify authority directly approving an award of costs for ebriefs, which it claims are

"simply electronically generated copies of the hard copy documents submitted to the

Court." Reply at 7-8.  The defendant concedes that it is within the Court's discretion to

award the costs of such ebriefs.

The undersigned agrees with the plaintiffs that the cost of ebriefs in the amount

of $3,152.75 is not authorized under 28 U.S.C. § 1920(4) and should be disallowed.

B.      In-house Copy Charges

The defendant seeks reimbursement in the amount of $801.50 for in-house copy

charges.  The plaintiffs object to the costs because the defendant "has failed to

demonstrate that the copies were 'necessarily obtained for use in the case.'" Response

at 12.  In its Reply, the defendant states that its in-house copy rate is $0.10 per page,

which is a reasonable rate according to the authority cited by the plaintiffs.  See Reply

at 8 (Kundu Decl., Ex. B); see also Response at 14 (citing Luken v. Int'l Yacht Counsel,

2009 WL 678005, at * 7 (S.D. Fla. March 11, 2009)(finding rate of $.10 to $.14 per copy

is reasonable)).  The defendant explains that it provided the Court with documentation

of its actual expenses only for the week of the evidentiary hearing and the one week

immediately prior.  Reply at 8. Due to the narrow time frame and the amount of copies

(less than 7,000), the undersigned finds that the defendant has adequately shown that

the requested charges were necessarily obtained for use in the case. See 28 U.S.C. §

1920(4).  The undersigned finds that $0.10 per copy is reasonable, but that costs for

tabs and binders ($117.30) are not taxable.  See Luken, 2009 WL 678005, at * 7(S.D.

14

Fla. March 11, 2009).  The undersigned, therefore, recommends that the defendant be awarded the in-house copying costs in the amount of $684.20, which excludes the costs for tabs and binders.

      C.    Outside Vendor Copy Charges

     The defendant seeks outside vendor copy costs in the total amount of $2,438.91.  Copying costs are specifically recoverable under 28 U.S.C. § 1920(4) provided they were "necessarily obtained for use in the case." Scroggins v. Air Cargo Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).[4]  Copies made for the convenience of counsel are ordinarily not taxable costs.  See, Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990) (table).

     The plaintiffs argue that none of the charges in this category are taxable under 28 U.S.C. § 1920(4).  Of the charges sought, $1,868.91 is for blowbacks from CD, custom tabs, and binders; $570 is for ediscovery technical time (project setup and applying exhibit stickers).   Courts have held that the costs for tabs and binders are not taxable because they are "'subsumed within operating overhead.'"  See Luken, 2009 WL 678005, at *7 (S.D. Fla. March 11, 2009) (quoting Van Voorhis v. Hillsborough Bd. of County Comm'rs., 2008 WL 2790244, *5 (M.D. Fla. July 18, 2008)).  In their response the plaintiffs argue that the $1,331 for "blowbacks from CD" does not reveal what exactly was copied and whether it was necessary for use in the case or merely for

---

     [4]The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

the convenience of counsel.  The plaintiffs further argue that the $570 for ediscovery technical time is not recoverable as "exemplification and copies of papers" because it is merely for technical time expended by the vendor in setting up the project and applying stickers.

In its Reply, the defendant contends that the outside vendor charges are taxable because they "were specifically incurred in the 'Preparation of Hearing Exhibits' submitted to the Court and used by counsel during the evidentiary hearing."  Reply at 8 (citing Bill of Costs, Ex. D at 1) The defendant maintains that without copies made into tabbed binders, counsel and the Court would not have been able to effectively use or keep track of the trial exhibits.  Id.

The undersigned finds that the costs incurred by the outside vendor are not taxable because they extend beyond the scope of copying and appear to be incurred more for convenience than necessity.  See Durden v. Citicorp Trust Bank, FSB, 2010 WL 2105921, * 4 (M.D. Fla. April 26, 2010).  The undersigned recommends that the outside vendor copy costs in the total amount of $2,438.91 be disallowed.

5.   Compensation for Interpreters

Sub-section 1920(6) authorizes in pertinent part the taxation of "[compensation of interpreters."  28 U.S.C. § 1920(6).  The defendant seeks reimbursement in the total amount of $44,097.74 in this category, which includes the cost of the services of interpreters during the evidentiary hearing ($4,359.49) as well as the cost of certified translations of documents used as evidence during the evidentiary hearing ($29,738.25).  The plaintiffs concede that reasonable and necessary expenses connected with interpreters are recoverable.  However, the plaintiffs object to the

16

amount sought for interpreters as excessive and object outright to the defendant's costs for the translation of documents.

A. Interpreters

The defendant claims that it incurred $4,259.49 in costs for interpreters during the evidentiary hearing.  The plaintiffs object to the actual amount charged for actual interpretation ($5,475.00 for five days and $547 for three hours of overtime) as unreasonable.  Additionally, the plaintiffs object to travel expenses incurred by an interpreter who was flown in from New York.  The current fee for certified and professionally qualified contract interpreters in federal courts is $384 per day and $54 per hour of overtime.  See http://www.uscourts.gov/interpretprog/rates.html.

In its Reply, the defendant maintains that it should be entitled to costs it incurred in using its own interpreter because of the complexity of the case and the fact that the record contained thousands of pages of Spanish documents and that expert testimony from several Spanish-speaking witnesses was given during the evidentiary hearing. Reply at 9.  Neither party has cited any case law for their respective positions on the issue.

The undersigned finds that the defendant is entitled to an award of $1,041.00 for its one-half share of the costs incurred for the interpreter's services at the federal rate.[5] Travel expenses of the interpreter should be disallowed as not expressly authorized by 28 U.S.C. § 1920(6).  See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437,

---

[5]The amount is calculated using the current federal rates of $384 per day and $54 per hour of overtime and dividing the total by 2 to account for the defendant's one-half share of the cost.  ((5 days x $384/day) + (3 hours x $54/hr.) = $2,082 / 2 = $1,041).

445 (1987).

    B. Translation of Documents

    The defendant seeks reimbursement in the amount of $39,359.49 for the defendant's share of the translation of documents.  The defendant explains that a large amount of the material and relevant documents involved in the matter were written in the Spanish language and required adequate professional translation.  Reply at 10. The defendant asserts that it could not have defended itself in this action without translating a large volume of the documents in the underlying Nicaraguan case from Spanish to English.  Additionally, the defendant maintains that it would not have been able to submit many of the key exhibits during the hearing on the motions for summary judgment or during the evidentiary hearing without obtaining certified translations of the documents.  See Rivas-Montano v. U.S., 2006 WL 1428507 at *1 (M.D. Fla. 2006)(striking exhibit to affidavit because there was no certified English translation of the Spanish document).

    Both parties acknowledge that the Eleventh Circuit has not addressed the issue of whether the costs for the translation of documents is taxable under 28 U.S.C. § 1920(6) and that a split in the authority exists among the circuits that have ruled on the matter.  Additionally, the Florida district courts that have ruled on the matter are split as well although the plaintiffs cite only cases in which the translation fees were disallowed. The plaintiffs also challenge the "rush" and "expedited fees" that the defendant incurred for the translation of documents.   The defendant maintains that the parties had less than two months to prepare for trial and that it had to expedite the translations on occasion.

Of the five circuits that have ruled on the issue of whether translation costs are recoverable under § 1920, only the Seventh Circuit has ruled that they are not recoverable. The First, Fifth, Sixth, and D.C. Circuits all allow for the recovery of translation costs under § 1920.

The plaintiff relies of the Seventh Circuit decision in Extra Equipamentos E Exportacao Ltda. v. Case Corp., 541 F.3d 719, 727-728 (7th Cir. 2008).  In Case Corp., the Seventh Circuit held that costs for document translation were not taxable because § 1920(6) should be narrowly construed and did not expressly provide for "translation." The Seventh Circuit believed that the Sixth Circuit had interpreted it too loosely when it based its decision to allow recovery of translation costs on the dictionary definition of the word "interpret" even though the statute used the word "interpreters."

The Seventh Circuit's view is an extreme minority view.  The First, Fifth, Sixth and D.C. Circuits have all held that 28 U.S.C. § 1920(6) is not limited to translation of live testimony, but rather includes the translation of documents necessary for the case. The defendant relies on the Sixth Circuit's decision in  BDT Products, Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419 (6th Cir. 2005), as well as the First, Fifth and D.C. Circuit decisions and Florida district court decisions that have ruled in favor of taxing document translation costs.

In BDT Products, Inc., the Sixth Circuit found that the compensation of interpreters in subsection 1920(6) includes the cost of translating documents.  In BDT Products, Inc, the Sixth Circuit relied on the dictionary definition of "interpret" to conclude that the document translation costs fell within the statutory definition of "interpreter." The Sixth Circuit relied on the D.C. Circuit's conclusion in Quy v. Air Am.,

19

Inc., 667 F.2d 1059, 1065-66 (D.C. Cir. 1981), that an individual who translated a recording of a deposition fell within the statutory definition of an interpreter.  Both the D.C. Circuit and the Sixth Circuit broadly defined the word "interpreter" in § 1920(6).

        In Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128, 133 (5th Cir. 1983), the Fifth Circuit analogized the necessary costs for the translation of foreign documents to the necessary costs for exemplification allowed under § 1920(4) and found that "[t]he proper standard for the award of translation costs should also be whether they were necessarily incurred."  The Fifth Circuit remanded the issue to the district court to determine how much of the $38,446.55 of document translation costs "were necessarily incurred." Id.

        In *dicta*, in In re Puerto Rico Electric Power Authority, 687 F.2d 501, 509 (1st Cir. 1982), the First Circuit  analogized the translation of foreign language documents to data compilations which had to be produced in "reasonably usable form" as part of the discovery process. The First Circuit then decided that for foreign language documents, "readily usable form" required an English language translation.  The First Circuit found that "[w]hichever party ultimately prevails will at the conclusion of the case be free to apply to [the] district court for reimbursement of its translation expenses as 'costs' under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920." Id.

        Although the Eleventh Circuit has not addressed whether translation costs are recoverable under sub-section 1920(6), the undersigned finds that the facts and circumstances of this action warrant an award of translation costs under 28 U.S.C. § 1920(6).  The undersigned finds that the translation fees were necessarily incurred and

that the documentation is sufficient.  The undersigned agrees with the plaintiffs that the "rush," weekend rush," and "overnight delivery" fees are not recoverable.[6] Consequently, the undersigned finds that an award of translation costs must exclude $13,852.86 for fees for expedited translation and delivery charges.  The undersigned recommends that the defendant be awarded the net amount of  $25,885.39 ($39,738.25 less $13,852.86) for the defendant's share of the expenses associated with the translation of documents excluding the expedited fees.

## RECOMMENDATION

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the defendant be awarded a total of $34,366.12  in costs.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable **Judge Huck**, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

---

[6]Some of the invoices reflect premium charges of $262.50 or $306.25 per 1,000 words.  The undersigned has used $160 per 1000 words as the standard rate and has re-calculated the defendant's share of the expense.  The reduced amount is subtracted from the premium amount and the difference is what is excluded from the total amount sought.  Other invoices state the premium charge for rush service as a separate line item.  For such invoices, the undersigned has deducted the entire premium charge.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida

this 7th day of July, 2010. _____

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
Counsel of record

22