# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

FILED by ___ D.C.
JUL 14 2011
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

For rules and forms visit
www.ca11.uscourts.gov

July 11, 2011

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 10-11143-AA
Case Style: Miguel Sanchez Osorio, et al v. Dow Chemical Company, et al
District Court Docket No: 1:07-cv-22693-PCH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court. The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: James O. Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
For the Eleventh Circuit

---

No. 10-11143

---

District Court Docket No.
1:07-cv-22693-PCH

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2011
JOHN LEY
CLERK
```

MIGUEL ANGEL SANCHEZ OSORIO,
JUAN EVENOR TERCERO PRADO,
VICTORINO RODRIGUEZ,
FELIX PEDRO HERNANDEZ ESTRADA,
LUCIO HERNANDEZ LAINEZ,
MARIANO DE JESUS MALTA NAVARRO,
APOLONIO MARIANO MEJIA,
AMBROSIO ARISTIDES ZAVALA,
ISABEL DE ANGELES ESPINOZA ARAICA,
NATIVIDAD GOMEZ, et al.,

Plaintiffs - Appellants,

versus

DOW CHEMICAL COMPANY,
OCCIDENTAL CHEMICAL CORPORATION,
a New York Corporation,
DOLE FOOD COMPANY, INC.,
SHELL OIL COMPANY,

Defendants - Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court for the
Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: March 25, 2011
For the Court: John Ley, Clerk of Court
By: Nancy M. Gilman

ISSUED AS MANDATE
JUL 11 2011
U.S. COURT OF APPEALS
ATLANTA GA

**CORRECTED**

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-11143

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-22693-PCH

MIGUEL ANGEL SANCHEZ OSORIO,
JUAN EVENOR TERCERO PRADO,
VICTORINO RODRIGUEZ,
FELIX PEDRO HERNANDEZ ESTRADA,
LUCIO HERNANDEZ LAINEZ,
MARIANO DE JESUS MALTA NAVARRO,
APOLONIO MARIANO MEJIA,
AMBROSIO ARISTIDES ZAVALA,
ISABEL DE ANGELES ESPINOZA ARAICA,
NATIVIDAD GOMEZ, et al.,

                Plaintiffs - Appellants,

versus

DOW CHEMICAL COMPANY,
OCCIDENTAL CHEMICAL CORPORATION,
a New York Corporation,
DOLE FOOD COMPANY, INC.,
SHELL OIL COMPANY,

                Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(March 25, 2011)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

This appeal concerns the enforceability, under Florida law, of an over-$97 million judgment a Nicaraguan court awarded 150 Nicaraguan agricultural workers, the plaintiffs here, against Dow Chemical Company ("Dow") and Dole Food Company, Inc. ("Dole"), the defendants. The judgment compensated these workers for the physical and psychological injuries they purportedly sustained from exposure to a pesticide, dibromocholoropropane, Dow supplied and Dole used on its banana plantations.

The plaintiffs seek enforcement of the Nicaraguan judgment under the Florida Uniform Out-of-country Foreign Money-Judgments Recognition Act, Fla. Stat. §§ 55.601–55.607 (the "Florida Recognition Act" or "Act").[1] The Florida Recognition Act states that "any out-of-country foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is

---

[1] The district court had subject matter jurisdiction under 28 U.S.C. § 1332.

2

pending or is subject to appeal," id. § 55.603, "is conclusive between the parties to the extent that it grants or denies recovery of a sum of money," id. § 55.604. The Act, however, provides three mandatory and eight discretionary grounds on which a foreign judgment is not entitled to recognition. See id. § 55.605 (presenting the various grounds for nonrecognition under the Act).

The district court, in Osorio v. Dole Food Co., 665 F. Supp. 2d 1307 (S.D. Fla. 2009), invoked four independent grounds for nonrecognition under the Act to deny recognition of the Nicaraguan judgment and dismissed the plaintiffs' complaint. First, the district court ruled that it could not enforce the Nicaraguan judgment under Florida law because the Nicaraguan court lacked subject matter jurisdiction and/or personal jurisdiction over the defendants. See Fla. Stat. § 55.605(1)(b)–(c) ("(1) An out-of-country foreign judgment is not conclusive if: (b) The foreign court did not have personal jurisdiction over the defendant [or] (c) The foreign court did not have jurisdiction over the subject matter."). Second, the district court concluded that the foreign judgment could not be recognized in Florida because the judgment was "rendered under a system which does not provide . . . procedures compatible with the requirements of due process of law." Id. § 55.605(1)(a). Third, the district court found that the Nicaraguan judgment could not be recognized under Florida law because doing so would be repugnant

3

to Florida public policy. See id. § 55.605(2)(c) ("(2) An out-of-country foreign judgment need not be recognized if: (c) The cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this state."). Finally, the district court ruled the Nicaraguan judgment unenforceable because it "was rendered under a system which does not provide impartial tribunals." Id. § 55.605(1)(a). The plaintiffs appealed.

Based on the first three grounds enumerated in the district court's dispositive order, we agree that the Nicaraguan judgment is not due recognition and enforcement under the Florida Recognition Act. We therefore affirm the district court's judgment; however, we do not address the broader issue of whether Nicaragua as a whole "does not provide impartial tribunals" and decline to adopt the district court's holding on that question. We also point out that nothing in the affirmed rulings is to play a collateral estoppel role in a subsequent court's litigation of the merits of the plaintiffs' personal injury claims.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

4